MERRIMAN et al. v. CHICAGO, D. & V. R. CO. et al.

(Circuit Court of Appeals, Seventh Circuit. January 27, 1903.)

No. 905.

1. APPEAL—RECORD IN CIRCUIT COURT OF APPEALS.

A circuit court of appeals cannot make its own record for the hearing of a case on appeal by authorizing the withdrawal from its files of the record on a previous appeal, and permitting the same to be refiled as a part of the record on a subsequent appeal in the same case. It can act only upon a record which comes from the court below, properly certified.

2. SAME—INSUFFICIENCY OF RECORD—MOTION TO DISMISS.

The circuit court of appeals will not dismiss an appeal on motion on the ground that the record filed is insufficient; that being a matter to be determined at the hearing on the merits, or to be corrected by certiorari for a diminution of the record.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

On motion by appellants to complete the record, and by appellee to dismiss the appeal.

S. A. Lyne and Charles Osborn, for the motion.

John Barton Payne, opposed.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

PER CURIAM. The transcript of record filed in this court on the 2d day of June, 1902, purports to be, according to the certificate of the clerk attached thereto, a true and complete transcript of the proceedings had of record in the circuit court, made in accordance with the præcipe filed. In accordance with the directions of the præcipe the transcript consists only of the proceedings of the court below "since the time of the preparation of the transcript of the record filed in the United States circuit court of appeals on the former appeals in this cause from the decree of June 18, 1892." It is claimed that the suit is brought by judgment creditors of the Chicago, Danville & Vincennes Railroad Company against that company, the Chicago & Eastern Illinois Railroad Company, Edwin Walker, and others, to set aside and to redeem from the sale of the railway of the first-named company under certain trust deeds, of which railway the Chicago & Eastern Illinois Railroad Company had become the possessor and claimed to be the owner, and to compel an accounting by the appellee Walker with respect to certain bonds charged to have been received by him from the Chicago & Eastern Illinois Railroad Company; that at the hearing, and on June 18, 1892, the bill was dismissed as to the Chicago & Eastern Illinois Railroad Company for want of equity, and an interlocutory decree was entered against Edwin Walker, the appellee here, directing an accounting with respect to the bonds so charged to have been received by him, execution of the decree to be, however, stayed until the final determination of a prior suit in a state court with respect to such bonds; that that decree was brought to this court by appeal, where, on November 27, 1894, as to the Chicago & Eastern Illinois Railroad Company the de-

cree was affirmed, and as to the appellee Edwin Walker the appeal was dismissed as premature, the decree as to him being held to be interlocutory. Merriman v. Railroad Co., 12 C. C. A. 275, 64 Fed. 535; on petition for rehearing, 14 C. C. A. 36, 66 Fed. 663. Subsequently the appellants moved the court below, upon a showing of the final determination of the suit in the state court referred to in the interlocutory decree, for a final decree against Edwin Walker for the amount of the proceeds of the bonds so directed to be accounted for, less the amount claimed to have been paid to the complainant in the suit in the state court. In the answer to that petition it was insisted that the interlocutory decree had practically, in the opinion of this court, been held to be erroneous, and that the bill should be dismissed for want of equity. On November 4, 1901, the court below found that the bill was one for redemption from the sale of the railroad, and could not be converted into a creditors' bill, so as to compel an accounting from Edwin Walker of the proceeds of the bonds received by him from the Chicago & Eastern Illinois Railroad Company. The petition was thereupon denied, the interlocutory decree vacated, and the original and supplemental bill dismissed for want of equity. An appeal to this court was allowed May 3, 1892, and the transcript first referred to was filed here. On June 25, 1902, the appellants filed a motion here for leave to withdraw from the files of the cause upon the former appeal the transcript of the record filed therein, and to refile it in this cause as a part of the record thereof. The motion was brought to the attention of the court at its May session, but by reason of the illness of the appellee, and at his request, the hearing was postponed until the following October term. On October 1, 1902, the appellee filed his motion to dismiss the appeal, substantially because no transcript of the record in the circuit court, as directed by law, and copies of the proof of such entries and papers as may be necessary on the hearing of this appeal, have been filed in or transmitted to this court, and that therefore the cause has not been removed from the circuit court, and this court had no jurisdiction to review the final decree of the court below.

The motion of the appellants cannot be sustained. It might seem to be a matter of little moment, in a case where the facts are unquestioned, to authorize the withdrawal from the files of the record on a previous appeal, and to cause it to be refiled in the present appeal; but it would be a practice that could not be sanctioned without opening the door to abuses, and would tend to impair the integrity of the records of the court; nor do we think that we are authorized to make a record here for the hearing of a cause upon appeal. The statute (Rev. St. § 698 [U. S. Comp. St. 1901, p. 568]) provides that the record shall be transmitted from the court below, and indicates what the transcript should contain, and it is provided, as well by the rules of the supreme court as by our own rules, that "no case will be heard until a complete record shall have been filed, containing in itself, and not by reference, all the papers, exhibits, depositions, and other proceedings necessary to the hearing in this court." This must come to us certified by the clerk of the court below as part of the very case in which the appeal is taken. We cannot properly know that the case

120 F.—16

which was before us under the same title as the present one is the same as the present case. We may assume the fact so to be, but ought not to be put to a comparison of the old record with the present record to ascertain if such be the fact. The record sent us should, according to the rule, be one which contains within itself, and not by reference, all the documents necessary to a determination of the appeal. The object of counsel for the appellants in causing this partial record to be filed was, in a sense, praiseworthy. It was to avoid an expense apparently unnecessary, and which could be avoided by the course proposed, of using the printed record upon the former appeal, so far as it contains the record to that time, and thus dispense with reprinting. That we would have the authority to allow if the record before us in this cause was sufficient. It might, perhaps, have been made complete by adding to a printed copy of the record on a former appeal the subsequent proceedings in the court below, all properly certified by the clerk. We cannot, however, supply the deficiency. The record must come to us from the court below complete in itself. The motion of the appellants will therefore be overruled.

The motion to dismiss the appeal must also be overruled. The record filed here perfected the appeal in this court. It may be insufficient to authorize a reversal of the decree, if otherwise it should be reversed. That goes to the merits of the appeal. The remedy for a defective record is by certiorari for a diminution of the record, and not by motion to dismiss.